IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IGNACIO LOERA,

    Petitioner,

v.                                                                          No. 12-cv-0648 WJ/SMV

JAMES JANECKA, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court *sua sponte*[1] on Petitioner's Petition, [Doc. 1], Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254), [Doc. 11] ("Answer"), and Respondents' Motion to Dismiss, [Doc. 12]. I find that there are unexhausted claims that are not susceptible to ruling by this Court on the record before it. Thus, I recommend that Petitioner be given certain options to address the presence of unexhausted claims.

**I.  Non-Exhaustion**

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court review before a federal court may consider his claims on their merits. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

---

[1] The Court may sua sponte raise the procedural defense of failure to exhaust state remedies, notwithstanding the Government's position that all available state remedies have been exhausted. *Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 3385, 177 L. Ed. 2d 302 (2010). A habeas court may, in its discretion, insist on exhaustion of state remedies despite a state's waiver of the defense. *Granberry v. Greer*, 481 U.S. 129, 134 (1987).

judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

The exhaustion of state remedies requires the petitioner to "fairly present" his federal claims to the state courts in order to give the state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971). *See also Duncan*, 513 U.S at 365 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). While a petitioner need not cite "book and verse" to the Constitution or any particular source of federal jurisprudence, the petitioner must present "the substance" of his federal claim to the state court before it is fairly presented. *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. 27, 29-31 (2004).

Upon review of the Petition, I find that two of Petitioner's five claims are unexhausted. First, Petitioner's Claim III alleges that the state trial court erred in excluding a purported copy of the victim's MySpace page in which she claimed to be 18 years old. *See* Petition, [Doc. 1] at 3. While this claim was raised in Petitioner's direct appeal, his appointed counsel never argued

that the exclusion of the evidence violated Petitioner's rights under the U.S. Constitution; Petitioner's arguments were based entirely upon state evidentiary law. *See* Defendant/Appellant's Memorandum in Opposition to Proposed Summary Affirmance, [Doc. 11-1] at 52-54; Petition for Writ of Certiorari in the Supreme Court of the State of New Mexico, [Doc. 11-2] at 13-14. Petitioner's federal claim, to the extent one exists, was not "fairly presented" to the state appellate courts. *See Picard, supra*.

Second, Petitioner's Claim IV alleges that the prosecutor committed misconduct by misrepresenting the law during closing arguments. [Doc.1] at 3. As with Petitioner's claim based on the victim's MySpace page, this claim was never presented to the state appellate courts as a federal claim. Petitioner's arguments were based entirely and exclusively upon state caselaw. *See* Memorandum in Opposition to Proposed Summary Affirmance, [Doc. 11-1] at 54-55; Petition for Writ of Certiorari, [Doc. 11-2] at 14-15. Thus, this claim was never "fairly presented" to the state appellate courts and therefore has not been fully exhausted. *See Picard, supra*.

I find that Petitioner's three remaining claims are exhausted because they were raised as federal claims in the state appellate courts. *See* Memorandum in Opposition to Proposed Summary Affirmance, [Doc. 11-1] at 35 (double jeopardy claim), 46 (insufficient evidence claim), and 55 (ineffective assistance of counsel claim).

## II.    Addressing Mixed Petitions

Because the Petition includes both exhausted and unexhausted claims, it is a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (utilizing the phrase "mixed petition"). When a court is presented with a "mixed petition," it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

Because the majority of the Petition consists of exhausted claims, it appears that dismissal of the petition in its entirety would be inappropriate. Likewise, a stay and abeyance would also be inappropriate. A stay and abeyance approach should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Nothing in the pleadings before the Court addresses what cause, if any, exists for the delay in bringing the unexhausted claims before the state courts.

The Court could ignore the exhaustion requirement and deny the unexhausted claims on the merits. The State has briefed the merits of the unexhausted claims in detail. *See* Motion to Dismiss, [Doc. 12] at 9-14. The State's arguments are compelling.

However, in all fairness to the Petitioner, I recommend that he be given the opportunity to amend his federal Petition to withdraw the as-yet unexhausted claims. Because he has already provided the details he believes to be relevant, *see* [Doc. 1] at 7-15, I will not recommend that Petitioner be permitted to file an entirely new petition. Rather, the best procedure will be to require that Petitioner signify the withdrawal of his unexhausted claims via a **one-page document**. Petitioner should be granted 30 days within which to file this document. Failure to file within that time will lead to a dismissal of the entire petition. The Court cautions Petitioner

that, should he choose to dismiss the unexhausted claims, he will likely lose the opportunity to present those unexhausted claims to a federal court at a later date. *See Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (Petitioner who elects to proceed only on exhausted claims is deemed to have abandoned all unexhausted claims and those claims may not be re-brought in federal court unless the petitioner can meet the requirements for filing a successive petition); 28 U.S.C. § 2244(b)(1).

Alternatively, Petitioner may elect to return to state court to present the unexhausted claims. If he so chooses, this action will be dismissed in its entirety. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitation period would apply to *all* of his claims, even those that are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, No. 04-2252, 130 F.App'x 208, 210, 2005 U.S. App. LEXIS at **4–5 (10th Cir. March 3, 2005) (unpublished) (dismissing a § 2254 petition as untimely under similar circumstances). The statute of limitations in Petitioner's case began to run on the date his judgment became final, which was August 5, 2011, the date that the New Mexico Supreme Court denied his application for a writ of certiorari. *See* Mandate Denying Petition for Writ of Certiorari, [Doc. 11-2] at 17. Therefore, should Petitioner elect to accept the dismissal of his mixed Petition, it appears that any future filings in federal court would be time-barred.

**III.    Conclusion**

Petitioner's allegations that that the state trial court erred in excluding a purported copy of the victim's MySpace page, and that the prosecutor committed misconduct by misrepresenting the law during closing arguments, are each unexhausted. Because of that non-exhaustion, I recommend that Petitioner be required to withdraw those claims and proceed only on those that

have been exhausted. In the alternative, Petitioner may elect to return to state court, fully aware of the constraints of the relevant statute of limitations, at which time this matter should be dismissed without prejudice.

Wherefore,

**IT IS HEREBY RESPECTFULLY RECOMMENDED THAT:**

(1) If these proposed findings are adopted, Petitioner must file a **one-page certification** stating that he has elected to withdraw his unexhausted claims, **within 30 days** of the District Judge's Order adopting these findings; and

(2) If the proposed findings are adopted and Petitioner fails to file a certificate to withdraw the unexhausted claims within 30 days of the District Judge's Order, he is put on notice that his Petition may be dismissed and that the Antiterrorism and Effective Death Penalty Act's, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), statute of limitations applies to all claims brought in this action.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**