### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**IGNACIO LOERA**

     **Petitioner,**

**v.**                                         **No. 12-cv-0648 WJ/SMV**

**JAMES JANECKA, Warden, and**
**ATTORNEY GENERAL OF THE**
**STATE OF NEW MEXICO,**

     **Respondents.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition, [Doc. 17] ("PF&RD"), filed September 25, 2010; Petitioner's Objection to Proposed Findings and Recommended Disposition, [Doc. 18] ("Objections"); Respondents' Response to Petitioner's Objections to Proposed Findings and Recommended Disposition, [Doc. 19] ("Response"); Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, [Doc. 20]; and Petitioner's Rebuttal to Respondent's Response, [Doc. 21] ("Reply").

United States Magistrate Judge Stephan M. Vidmar reviewed Petitioner's habeas Petition and found that several of the claims presented therein were not properly exhausted at the state level. PF&RD, [Doc. 17] at 2-3 (finding claims III and IV, wherein Petitioner argued that the state trial court improperly excluded exculpatory evidence and that the prosecutor committed misconduct during closing statements, respectively, were not fairly presented to the state court

on direct appeal). The Magistrate Judge determined that the Petition was subject to dismissal as a "mixed" petition and determined that it could be handled in one of four ways:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Id*. at 4 (citing *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)). With regard to the stay option, the Magistrate Judge noted that it should be used only when the petitioner can "(1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not 'plainly meritless.'" *Id*. (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). Because the record contained no evidence demonstrating why Petitioner failed to properly exhaust these claims in state court, the Magistrate Judge determined that holding the Petition in abeyance would be inappropriate. *Id*. The Magistrate therefore recommended that Petitioner be given an opportunity to dismiss his unexhausted claims and proceed only on those claims properly exhausted at the state level. *Id*. at 3-5. Should Plaintiff elect not to dismiss the unexhausted claims, the Magistrate Judge recommended that the entire Petitioner be dismissed without prejudice for failure to exhaust state court remedies. *Id*. at 5.

Petitioner filed timely objections to the PF&RD. While he acknowledges that he failed to properly exhaust two of his claims in state court, he argues that he should not be forced to choose between dismissing those claims or having his entire Petitioner dismissed. Objections, [Doc. 18] at 1, 4. Instead, he believes that the Court should utilize the stay in abeyance procedure described in *Rhines v. Webber* and permit Petitioner to return to state court so that he might properly exhaust the two disputed claims. *Id*. at 4. He claims that he has shown good cause for failing to

2

exhaust his claims in state court and that his claims are potentially meritorious. With regard to cause, he blames his court-appointed public defender for failing to present his objections as federal constitutional claims. *Id*. at 2. He further states that he has not had access to a "law library within which to conduct research as to what constitutes adequate exhaustion" and that he was therefore unaware that he had failed to properly exhaust all of his claims prior to filing his Petition in federal court. *Id*. With regard to the merits of his claims, he argues that neither claim is "plainly meritless." *Id*. at 5-7.

Respondents respond that the stay procedure described in *Rhines v. Weber* is an "extraordinary remedy" which should not be utilized in this case. Response, [Doc. 19] at 3.[1] They argue that Petitioner has not shown good cause for his failure to exhaust his claims in state court and that both unexhausted claims are meritless. *Id*. at 3-4. With regard to the cause prong, Respondent notes that Petitioner's erudite and well-researched filings belie his contention that his lack of access to legal resources prevented him from presenting his federal claims in state court. *Id*. at 3.

The Court agrees that Petitioner has not demonstrated good cause for his failure to properly exhaust the two disputed claims in state court prior to filing the instant habeas Petition. Even if the Court were to accept that Petitioner's attorney is at fault for failing to fairly present a federal constitutional claim on direct appeal, Petitioner could have filed a state habeas petition raising the federal constitutional claims he has asserted in the instant Petition. Plaintiff's sole

---

[1] Respondents also object to the Magistrate Judge's conclusion that Petitioner's sufficiency of the evidence claim was before the federal court. [Doc. 20] at 1-2. While Respondents concede that Petitioner raised a sufficiency of the evidence claim in state court, they note that Petitioner did not raise this claim in his federal Petition and that the claim is therefore not properly before this Court. *Id*. Respondents are correct that Petitioner does not challenge the sufficiency of the evidence in the instant Petition and Respondents' objections will therefore be sustained.

explanation for his failure to pursue his federal claims in state court is that he did not have access

to a law library and was ignorant as to "what constitutes proper exhaustion." [Doc. 18] at 2. The

Court is not persuaded.

First, while Plaintiff claims not to have had access to legal research resources, his many

filings in this case indicate the exact opposite. Petitioner's filings have been very well written

and display an impressive grasp of federal habeas jurisprudence. His filings have been very well

researched, with multiple citations to appropriate cases. *See, e.g.*, Brief in Support of 28 U.S.C. §

2254 Petition, [Doc. 2] at 6-7 (citing to Supreme Court and Tenth Circuit cases to support his

argument that the state court's decision to exclude the victim's MySpace page violated his Sixth

and Fourteenth Amendment rights to put on a defense); Reply, [Doc. 21] at 2-3 (tracing the

evolution of the stay in abeyance procedure through several United Circuit Courts of Appeals

cases prior to its adoption by the Supreme Court in *Rhines v. Weber*). The Tenth Circuit has

suggested that limited access to a law library will not establish good cause under *Rhines* for

failing to exhaust state remedies prior. *Abeyta v. Estep*, 198 F. App'x 724, 727, (10th Cir. 2006)

(unpublished) (finding that petitioner's allegations regarding lack of library access "did not

constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause . .

. for the failure to exhaust.").[2] Furthermore, ignorance of the law does not constitute "good

cause" for a stay in habeas proceedings. *Josselyn v. Dennehy,* 475 F.3d 1, 5 (1st Cir. 2007); *see*

*also Gunderson v. Abbott,* 172 Fed. Appx. 806, 809 (10th Cir. Mar. 24, 2006) (unpublished)

(holding that the court did not err by declining to find good cause for a stay based on ignorance

---

[2] Although unpublished cases are not controlling precedent, they may be cited for their persuasive value.
*United States v. Baldridge*, 559 F.3d 1126, 1143 n. 11 (10th Cir. 2009).

of the law). The Court therefore concurs with the Magistrate Judge that Petitioner has not established that he is entitled to have his case stayed in accordance with *Rhines v. Weber*.

      IT IS THEREFORE ORDERED that:

(i)      The United States Magistrate Judge's Proposed Findings and Recommended Disposition, [Doc. 17], is hereby ADOPTED by this Court, except insofar as it states that Petitioner has presented a sufficiency of the evidence claim in his federal habeas Petition;

(ii)      Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, [Doc. 20], are hereby SUSTAINED;

(iii)      Petitioner's Objection to Proposed Findings and Recommended Disposition, [Doc. 18], is hereby OVERRULED;

(iv)      Petitioner shall have thirty days from the date of this Order to file a one-page certificate indicating that he is withdrawing his unexhausted claims. Should Petitioner withdraw his unexhausted claims, the only remaining claims before the Court will be Petitioner's ineffective assistance of counsel claim, and the double jeopardy claim. *See*, [Doc. 1] at 11-14.  Petitioner is put on notice that failure to file such a certificate will result in his Petition being dismissed without prejudice.

      IT IS SO ORDERED.

 

_____
United States District Judge