IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IGNACIO LOERA,

    Petitioner,

v.                                                              No. 12-cv-0648 WJ/SMV

JAMES JANECKA and
ATT'Y GEN. OF THE STATE OF N.M.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 24] ("PF&RD"), issued on March 6, 2013. The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Court grant Respondents' Motion to Dismiss [Doc. 12], deny Petitioner's Petition [Doc. 1], and dismiss the action with prejudice. Petitioner[1] timely objected [Doc. 25], and Respondents opposed the objections [Doc. 26]. The Court, being fully advised in the premises, will OVERRULE the objections, ADOPT the PF&RD, GRANT the Motion to Dismiss, DENY the Petition, and DISMISS the action with prejudice.

In his Petition, Petitioner asks the Court to overturn his state-court convictions for false imprisonment and criminal sexual penetration of a 15-year-old minor. Petition [Doc. 1] at 11−14; [Doc. 2] at 4, 9–12. He raises two grounds in support of his Petition. The first is a claim of ineffective assistance of counsel ("IAC"). Petition [Doc. 1] at 11−12; [Doc. 2] at 4,

---

[1] Petitioner is incarcerated, proceeding *in forma pauperis*, and appearing pro se. *See* Respondents' Answer to Petition for Writ of Habeas Corpus . . . [Doc. 11] at 2 (incarcerated); Order Granting Application to Proceed *In Forma Pauperis* [Doc. 5] (proceeding in forma pauperis); Petition [Doc. 1] at 19.

9–10. At his trial, Petitioner testified that when he sexually assaulted the victim he believed her to be 17 years old rather than 15. Petition [Doc. 2] at 3–4. In closing argument, the prosecutor told the jury that Petitioner's mistaken belief as to the victim's age was not a defense to the crime of criminal sexual penetration ("CSP"). *Id.* at 4. Here, Petitioner has argued that this was a misstatement of the law, and that his trial attorney was constitutionally ineffective when he failed to object to the prosecutor's comment. *Id.*

Petitioner's second ground for habeas relief is based on the Double Jeopardy Clause of the Fifth Amendment. He argues that because he did not restrain the victim's freedom of movement for any longer than it took for him to assault her, his conduct was "unitary," such that his convictions for both false imprisonment and CSP resulted in multiple punishments for the same conduct in violation of the prohibition against double jeopardy. Petition [Doc. 1] at 13–14; [Doc. 2] at 10–12.

Petitioner raised these claims in an appeal to the Court of Appeals for the State of New Mexico ("Court of Appeals"). Appeal From Twelfth Judicial District . . . [Doc. 11-1] at 17. The Court of Appeals rejected both claims and affirmed his convictions. Memorandum Opinion [of the Court of Appeals of New Mexico] [Doc. 11-1] ("Memorandum Opinion") at 70. Then, the New Mexico Supreme Court summarily denied a writ of certiorari. Order [Doc. 11-2] at 17. Before this Court, Petitioner argues that he is entitled to habeas relief because the Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See generally* Petition [Doc. 1]; [Doc. 2].

Judge Vidmar did not agree. He found that that the decision of the Court of Appeals was entirely consistent with controlling federal law regarding ineffective assistance of counsel. Specifically, he found that Petitioner failed to show any prejudice because even if his attorney had objected to the prosecutor's comment regarding Petitioner's mistake-of-fact defense, the outcome of the trial would likely not have been different. [Doc. 24] at 15–16 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The jury instructions included both a more serious charge of CSP (NMSA § 30-9-11(E)(1) or "CPS (E)(1)") and a lesser included charge of CSP (NMSA § 30-9-11(G)(1) or "CSP (G)(1)"). [Doc. 24] at 5–7. Petitioner was convicted of the more serious charge, CSP (E)(1). *Id.* at 8. However, Petitioner's mistaken belief that the victim was 17 was irrelevant to CSP (E)(1). *Id.* at 15–16. Petitioner's mistaken belief would only have been a defense to CSP (G)(1). *Id.* Because Petitioner was not convicted of CSP (G)(1), the alleged unavailability of the defense due to the prosecutor's comment is of no consequence. *Id.*

Judge Vidmar also found that the Court of Appeals reasonably applied controlling state law regarding the Double Jeopardy Clause. [Doc. 24] at 17 (citing *Lucero v. Kerby*, 133 F.3d 1299, 1316 (10th Cir. 1998) (in evaluating double jeopardy challenges, federal courts defer to state court interpretation of relevant statutes)). Specifically, he found that the state court reasonably determined that the conduct underlying Petitioner's convictions for false imprisonment and CSP were not unitary where the locations and timing of each crime were distinct. [Doc. 24] at 21. Furthermore, he found that the state court was not unreasonable in holding that the elements of the two crimes were different and that the legislature intended separate punishments for each. [Doc. 24] at 22–23. Applying the appropriate deference,

Judge Vidmar found that the state court was not unreasonable in concluding that Petitioner's protection from double jeopardy was not violated when he was convicted of both CSP and false imprisonment. [Doc. 24] at 23 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (standard of review is "highly deferential")).

### STANDARD FOR § 2254 HABEAS PETITIONS

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.[2] A petition for habeas corpus under 28 U.S.C. § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention. The Court cannot grant habeas relief pursuant to § 2254(d) unless the decision in a petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt. *Pinholster*, 131 S. Ct. at 1398 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

---

[2] Because this Petition was filed after the effective date of the AEDPA, its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007).

**S**TANDARD OF **R**EVIEW FOR **O**BJECTIONS TO **M**AGISTRATE **J**UDGE'S **R**ECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Objection Number 1

Petitioner objects to the PF&RD because he asserts that his counsel's failure to object to the prosecutor's alleged misstatement of law "permitted the jury to consider only the offense described in § 30-09-11 (E)(1)."  [Doc. 25] at 1.  He argues that his attorney's failure to object "amounted to an abandonment of the lesser-included charge . . ."  [Doc. 25] at 2.  However, he also acknowledges that "[t]he mere presence of jury instruction no. 13 demonstrates that C.S.P. in the fourth degree [i.e., CSP (G)(1)] was a lesser-included offense for the jury to consider in deliberations."  [Doc. 25] at 1–2.

On de novo review, I find that Petitioner's objection is without merit because his attorney's failure to object to the prosecutor's statement did not preclude the jury from considering the lesser included offense.  However, even assuming *arguendo* that it had, Petitioner would still fail to show prejudice because the jury convicted him of the more serious offense, for which the mistake-of fact defense was irrelevant.  *See Strickland v. Washington*, 466 U.S. 668 (1984) (ineffective assistance of counsel requires a showing of prejudice).

**Objection Number 2**

Petitioner argues that his false imprisonment charge rests on the same acts of force that supported his CSP conviction. [Doc. 25] at 2. He asserts that before and after the acts of CSP, "no overt act was committed which could reasonably be viewed as a continuation of false imprisonment." [Doc. 25] at 2. Thus, he concludes that his false imprisonment charge is "subsumed" by his CSP charge. [Doc. 25] at 2.

On de novo review, I find the objection is without merit pursuant to *Swafford v. State*. 112 N.M. 3, 13–15, 810 P.2d 1223, 1233–35 (1991) (identifying two factors for determining double jeopardy: whether the same conduct violates both statutes, i.e., is "unitary," and *if it is* unitary, whether the legislature intended multiple punishments). The state Court of Appeals reasonably determined that Petitioner's conduct was not "unitary" where:

> [T]here was testimony at trial that [the victim] K.E. was talking to Defendant in her front yard, drank vodka with him, and the next thing she remembered, she woke up at his house. K.E. was restrained against her will when [Petitioner] took her to his house and when he hit her to keep her there. At times [Petitioner] knew that K.E. was unaware and incapacitated by alcohol and unable to resist or consent. At other times, K.E. resisted by punching [Petitioner] in the eye and he hit her and head butted her.

Memorandum Opinion [of the New Mexico Court of Appeals] [Doc. 11-1] at 69. Additionally, I find that the state Court of Appeals reasonably held that New Mexico legislature intended separate punishments for Petitioner's crimes because the elements of the two crimes are distinct and because each crime serves a different societal interest. [Doc. 11-1] at 69–70 (Court of Appeals' decision).

#### CONCLUSION

Based on the foregoing, I find that Petitioner has not met his burden of showing that the Court of Appeals' decisions as to his ineffective assistance of counsel claim and his double jeopardy claim were contrary to, or unreasonably applied, clearly established federal law.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Objection[s] to the PF&RD [Doc. 25] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 24] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss [Doc. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition [Doc. 1] is **DENIED** and that this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE